IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 3:13cv212-NBB-SAA |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| JIJI, INC. d/b/a HOLIDAY INN, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Te'Shawn Harmon, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission, contends that Defendant, Jiji, Inc. d/b/a Holiday Inn, discharged Ms. Harmon because of her sex (pregnancy) and replaced her with a non-pregnant employee.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Oxford Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Jiji, Inc. d/b/a Holiday Inn, (hereinafter "Defendant Employer") has continuously been doing business in the State of Mississippi at its Batesville facility and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Te'Shawn Harmon filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2011, Defendant Employer has engaged in unlawful employment practices at its Batesville, Mississippi facility in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Civil Rights Act of 1991. The unlawful employment practices include unlawfully discharging Te'Shawn Harmon because of her sex (pregnancy).

2

(a) Defendant Employer is a Holiday Inn franchisee engaged in the business of operating hotel facilities, including the Holiday Inn hotel in Batesville, Mississippi.

(b) Te'Shawn Harmon applied for employment with Defendant Employer, at the Holiday Inn hotel in Batesville, Mississippi in or around June / July 2011.

(c) Thereafter, Defendant Employer asked Ms. Harmon to appear for a job interview.

(d) Antonio Barragan, Defendant Employer's Restaurant Manager, initially interviewed Ms. Harmon for a server position at the hotel's restaurant. Barragan told Ms. Harmon that she had an impressive resume and that he wanted her to work in the restaurant.

(e) Ms. Harmon informed Barragan that she was primarily interested in a Desk Clerk position.

(f) Thereafter, Bhuvna Vaghela, Defendant Employer's General Manager, interviewed Ms. Harmon for a Desk Clerk position.

(g) At the time of her application and interviews, Ms. Harmon was pregnant. However, Ms. Harmon's pregnancy was not yet showing and her pregnancy was not mentioned during the interviews.

(h) Vaghela hired Ms. Harmon on or about August 5, 2011, and instructed her to report for her first day of work on August 8, 2011.

(i) On August 8, 2011, Ms. Harmon reported to work as scheduled and was trained for the Desk Clerk position in the morning. Ms. Harmon worked independently as a Desk Clerk during the afternoon of August 8, 2011.

(j) While on break on August 8, 2011, Ms. Harmon informed co-worker Chynika Salter that she was pregnant. Barragan overheard this conversation and told Ms. Harmon that he was surprised to hear she was pregnant.

3

(k) At the end of Ms. Harmon's shift on August 8, 2011, Vaghela stopped Ms. Harmon and asked about her pregnancy. Ms. Harmon informed Vaghela that she was pregnant, but the pregnancy would not affect her ability to work.

(l) Later that evening (August 8, 2011), Vaghela called Ms. Harmon and told her that her employment was terminated, effective immediately. Vaghela claimed that Ms. Harmon was no longer needed because Brittney Smith, a non-pregnant Desk Clerk, had rescinded her resignation. Vaghela said that Defendant Employer had decided to retain Ms. Smith and discharged Ms. Harmon. Ms. Harmon asked if she was being discharged because of her pregnancy, but Vaghela denied the accusation.

(m) Also on the evening of August 8, 2011, Vaghela hired Mashunda Thomas-Carruth, a non-pregnant female, to work as a Desk Clerk for Defendant Employer.

8. The effect of the practices complained of in paragraphs 7 (a)-(m) above has been to deprive Ms. Harmon of equal employment opportunities and to otherwise adversely affect her employment because of her sex (pregnancy).

9. The unlawful employment practices complained of in paragraph 7 above were and are intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Te'Shawn Harmon.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of sex discrimination.

4

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Te'Shawn Harmon by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay for Te'Shawn Harmon.

D. Order Defendant Employer to make whole Te'Shawn Harmon by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to expenses for relocation, job search, medical expenses not covered by employee benefit plans, as well as other out-of pocket expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Te'Shawn Harmon by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above including, but not limited to, emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Te'Shawn Harmon punitive damages for its malicious and reckless conduct described in paragraph 7 above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

JOSEPH M. CROUT
Supervisory Trial Attorney
MS Bar No. 7900

MATTHEW H. MCCOY
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0070